UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL H. MELTZER, | ) | No. 13 B 31151 |
| | ) | |
| Alleged Debtor. | ) | Judge Goldgar |

**ORDER (1) AWARDING ATTORNEY'S FEES AND COSTS,
(2) AWARDING PUNITIVE DAMAGES, (3) REQUIRING
THE SEALING OF ALL COURT RECORDS RELATING OR
REFERRING TO THE DISMISSED PETITION, (4) PROHIBITING
CONSUMER REPORTING AGENCIES FROM MAKING ANY
CONSUMER REPORT RELATING TO THE PETITION OR CASE,
AND (5) IMPOSING RESTRICTIONS ON FUTURE FILINGS
<u>IN THE BANKRUPTCY COURT FOR THIS DISTRICT</u>**

This dismissed involuntary case is before the court for a determination of the attorney's fees, costs, and punitive damages to be awarded alleged debtor Michael Meltzer as well as a determination of other relief.

In an earlier opinion, the court found the petition against Meltzer had been filed in bad faith and ruled he was entitled to (1) an award of attorney's fees and costs under section 303(i)(1) of the Bankruptcy Code, (2) an award of punitive damages under section 303(i)(2) of the Code, (3) the sealing of all court records relating to the petition under section 303(k)(1), and (4) an injunction under section 303(k)(2) barring consumer reporting agencies from making any consumer report relating to the petition. *See In re Meltzer*, 516 B.R. 504 (Bankr. N.D. Ill. 2014). The matter was continued for further briefing on the appropriate awards of fees, costs, and punitive damages, as well as on the propriety of an order imposing filing restrictions on petitioners Howard E. Leventhal and Malgorzata J. Kubiak.

For the reasons set forth in the court's opinion dated today, IT IS HEREBY ORDERED:

1. Pursuant to section 303(i)(1), Michael Meltzer is awarded $60,788.86 in attorney's fees and $105.17 in costs against petitioners Howard E. Leventhal, Malgorzata J. Kubiak, and Pegasus Electronics HK Ltd., jointly and severally.

2. Pursuant to section 303(i)(2), Michael Meltzer is awarded $120,000 in punitive damages against petitioner Howard E. Leventhal, $40,000 in punitive damages against petitioner Malgorzata J. Kubiak, and $20,000 in punitive damages against petitioner Pegasus Electronics HK Ltd.

3. Pursuant to section 303(k)(1), at the conclusion of all appeals in this case, the court must seal all the records of the court relating to the petition and all references to the petition.

4. Pursuant to section 303(k)(2), all consumer reporting agencies (as defined in section 603(f) of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f)) are prohibited from making any consumer report (as defined in section 603(d) of that Act) that contains any information relating to the petition in this case or to the case commenced by the filing of the petition. The clerk of the court must send a copy of this order to each of the major credit reporting agencies with this provision highlighted.

5. Howard E. Leventhal, Malgorzata J. Kubiak, and anyone acting on behalf of either or both of them, are enjoined from filing any document in the United States Bankruptcy Court for the Northern District of Illinois without first obtaining leave of the court through the following procedures:

    a. Any document that Howard E. Leventhal, Malgorzata J. Kubiak, or anyone acting on behalf of either or both of them wishes to submit for filing must be delivered to the Clerk of the U.S. Bankruptcy Court, 7th Floor, Dirksen Federal Courthouse, 219 South Dearborn

Street, Chicago, Illinois. Only the clerk or a deputy the clerk has specifically designated for the purpose may accept these documents.

    b. When Howard E. Leventhal, Malgorzata J. Kubiak, or anyone acting on behalf of either or both of them submits a document for filing, the clerk or designated deputy must accept the papers, stamp them "received," and forward them to the undersigned Bankruptcy Judge, or in his absence the Chief Judge of the Bankruptcy Court.

    c. The undersigned Bankruptcy Judge, or in his absence the Chief Judge of the Bankruptcy Court, will examine the document submitted and determine whether it should be filed.

    d. If Howard E. Leventhal or Malgorzata J. Kubiak seeks a waiver of any filing fee, the application for waiver must be forwarded to the undersigned Bankruptcy Judge, or in his absence the Chief Judge of the Bankruptcy Court, who will determine whether a waiver should be granted.

    e. The clerk must create miscellaneous proceedings dockets with the titles "In re Howard E. Leventhal" and "In re Malgorzata J. Kubiak" and must assign to the dockets appropriate "MP" docket numbers. This order and any order entered pursuant to this order must be docketed in the appropriate miscellaneous proceeding docket depending on whether it concerns Howard E. Leventhal or Malgorzata J. Kubiak.

    f. If an order is entered granting leave to file a document, the clerk must docket that order in the appropriate miscellaneous proceeding and must mail a copy of the order to the person submitting the document.

    g. If an order is entered denying leave to file a document, the clerk must docket

that order in the appropriate miscellaneous proceeding, must mail a copy of the order to the person submitting the document, and must return with the order the document submitted.

   h. The failure of Howard E. Leventhal, Malgorzata J. Kubiak, or anyone acting on behalf of either or both of them to comply with this order may, in the discretion of the undersigned Bankruptcy Judge, or in his absence the Chief Judge of the Bankruptcy Court, be deemed contempt of court.

   i. These restrictions do not apply to the filing of a notice of appeal from this order or to designations of items for the record and statements of issues on appeal.

   j. Five years from the date of this order, Howard E. Leventhal or Malgorzata J. Kubiak may move to have the filing restrictions in this order lifted. The motion must be docketed in the appropriate miscellaneous proceeding and forwarded for decision to the undersigned Bankruptcy Judge, or in his absence the Chief Judge of the Bankruptcy Court. Whether to grant the motion rests with the applicable judge's discretion.

  6. A copy of this order must be mailed to Leventhal, Kubiak, Pegasus, and counsel for Meltzer.

Dated: August 25, 2015

               _____
               A. Benjamin Goldgar
               United States Bankruptcy Judge